IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lauro Palafox Corona,<br>Petitioner,<br>v.<br>Charles L. Ryan, et al.,<br>Respondents. | No. CV-17-00668-PHX-DLR-(ESW)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge S. Eileen Willett (Doc. 13) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 13 at 14 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72).) Petitioner filed his Objection to the R&R on April 19, 2018, (Doc. 15), and the Respondents filed their Response to Petitioner's Objections to the R&R on April 23, 2018 (Doc. 16).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).

Petitioner objects to the R&R's finding that he did not exhaust his state-court remedies on Grounds Two, Four, Five and Six. He argues that because the Arizona Supreme Court denied his request for further review after the Court of Appeals upheld his convictions, he must have exhausted his state court remedies. The Magistrate Judge correctly found that those four grounds were not properly presented to the state court.

Ground Two was not raised as a question of federal law. The Magistrate Judge correctly pointed out that pursuant to *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam), it is not enough that all the facts necessary to support the federal claim were before the state court or that a somewhat similar state law claim was made. The Magistrate Judge correctly found that Ground Two was unexhausted.

Grounds Four, Five and Six, claims of ineffective assistance of counsel, were not presented at all in petitioner's state court proceedings. The Magistrate Judge correctly found that they were procedurally defaulted because, under adequate and independent Arizona state procedural rules, it would be futile to return to state court to exhaust them.

As to all four of the procedurally defaulted grounds, Grounds Two, Four, Five and Six, the Magistrate Judge correctly found that there was no legal excuse. Petitioner failed to show cause for his procedural defaults and there is basis to apply the miscarriage of justice exception as there was no showing of actual innocence.

The Magistrate Judge correctly found that Grounds One and Three, which challenge the sufficiency of the evidence to support his convictions, are without merit. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Court held that a sufficiency-of-the-evidence claim must be rejected unless, based on the evidence presented at trial, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. Having reviewed the record, the Court agrees with the Magistrate Judge that the Arizona Court of Appeals rejection of Petitioner's sufficiency-of-the-evidence claims on appeal, was not an unreasonable application of *Jackson.*

The Court accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's Objection to R&R. (Doc. 15.) *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"). Accordingly,

**IT IS ORDERED** that R&R of the Magistrate Judge (Doc.13) is accepted.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar.

Dated this 28th day of August, 2018.

Douglas L. Rayes
United States District Judge